[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 07, 2010
JOHN LEY
CLERK

_____

No. 09-12878
Non-Argument Calendar

_____

D. C. Docket No. 08-00062-CR-RLV-2-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FAUSTO GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 7, 2010)

Before EDMONDSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Fausto Garcia appeals his 92-month sentence for conspiring to possess with

intent to distribute and possessing with intent to distribute methamphetamine and

cocaine. Garcia argues that the court clearly erred when it denied him a minor role reduction.

The Sentencing Guidelines permit a court to decrease a defendant's offense level by four levels if it finds that the defendant was a "minimal participant" or by two levels if it finds the defendant was a "minor participant" in the criminal activity. U.S.S.G § 3B1.2. A minor participant is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). A district court's determination of whether a defendant qualifies for a minor role adjustment under the Guidelines is a finding of fact that we review for clear error. *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir.1999) (en banc).

In this case, we cannot say the district court clearly erred. The relevant conduct for which Garcia was held accountable, conspiring to possess with intent to distribute and possessing with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of cocaine, was identical to his actual conduct in the offense. Here the undisputed account in PSI shows that Garcia transported the drugs to the arranged transaction and then displayed the drugs to a federal agent. The district court reasonably concluded that Garcia was not significantly less culpable than others. His active role, as well as the large drug

amount involved, support the district court's finding that he was not even a minor

participant, let alone a minimal participant. *See De Varon* 175 F.3d at 943.

**AFFIRMED.**